IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TERRELL GEE, )
)
      Petitioner, )
)
v. ) Civ. No. 11-416-SLR
)
DAVID PIERCE, Warden, and )
and ATTORNEY GENERAL OF )
THE STATE OF DELAWARE, )
)
      Respondents.[1] )

Terrell Gee. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

April   , 2014
Wilmington, Delaware

---

[1] Warden David Pierce replaced former Warden Perry Phelps, an original party to this case. See Fed. R. Civ. P. 25(d).

*[signature]*
ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Terrell Gee's ("petitioner") amended application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 9) For the reasons that follow, the court will dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2006, the Wilmington Police Department received a complaint that a ten year old girl ("S.D.") had been sexually abused. (D.I. 16 at 1) S.D. was interviewed at the Chidren's Advocacy Center on August 10, 2006. She told a forensic investigator that petitioner had raped her on more than twenty-one occasions between January 2005 and June 2006. *Id.* Petitioner and S.D. were cousins. *See State v. Gee*, 2009 WL 3720165, at *1 (Del. Super. Nov. 3, 2009).

Petitioner was subsequently indicted on five counts of second degree rape. In March 2007, a Superior Court jury found petitioner guilty of three of the five rape counts. On June 22, 2007, the Superior Court sentenced petitioner to a total of thirty-six years at Level V incarceration, suspended after thirty years for a term of probation. The Delaware Supreme Court affirmed petitioner's convictions and sentence on June 4, 2008. *See Gee v. State*, 950 A.2d 658 (Table), 2008 WL 2267186 (Del. June 4, 2008).

On June 3, 2009, petitioner filed in the Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 18, Del. Super. Crim. Dkt. Entry No. 33) The Superior Court denied the Rule 61 motion on November 3, 2009. *See State v. Gee*, 2009 WL 3720165 (Del.

Super. Nov. 3, 2009). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's judgment on September 23, 2010. *See Gee v. State*, 5 A.3d 630 (Table), 2010 WL 3719891 (Del. Sept. 23, 2010). Petitioner filed a second Rule 61 motion on January 24, 2011. *See State v. Gee*, 2011 WL 880851, at *1 n.14 (Del. Super. Feb. 23, 2011). The Superior Court denied the motion on February 23, 2011, and it does not appear that petitioner appealed that decision.

Petitioner's pending § 2254 application asserts one claim that defense counsel provided ineffective assistance by not requesting the minor victim S.D. to be examined by a defense medical expert. The State filed an answer, asserting that the application should be denied as time-barred or, alternatively, as procedurally barred. (D.I. 16) The application is ready for review.

## III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated May 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court affirmed petitioner's conviction and sentence on June 4, 2008, and he did not seek certiorari review. Therefore, petitioner's conviction became final on September 2, 2008 and, to comply with the one-year limitations period, he had to file his § 2254 application by September 2, 2009. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

In May 2011, petitioner filed in this court a handwritten letter stating that he was wrongfully convicted of rape and that he did not receive a fair trial or direct appeal. (D.I. 1) The letter is dated May 6, 2011. The court issued its standard AEDPA order informing petitioner of his rights, and provided him with a form § 2254 petition to be filled out. (D.I. 7) Petitioner filed the form petition as his amended habeas application, and the amended application is dated August 18, 2011. (D.I. 9) The State contends

3

that the date of filing should be viewed as August 18, 2011, the date on the amended application. However, the court views petitioner's initial handwritten letter as providing the relevant filing date for limitations purposes,[2] because that letter clearly asserts a request for federal habeas relief. As such, the petitioner filed the instant application on May 6, 2011.[3]

Given these circumstances, the application is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. See *Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2)(statutory tolling). The court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000); *Price v. Taylor*, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). Here, petitioner filed his first Rule 61 motion on June 3, 2009. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on September 23, 2010. Thus, petitioner's first Rule 61 motion tolled the limitations period

---

[2]Although the court views petitioner's handwritten letter as the relevant document for limitations purposes, it views petitioner's amended and more comprehensible application as the relevant document for discerning his grounds for habeas relief.

[3]Applying the prison mailbox rule, the court adopts as the filing date the date on the letter, May 6, 2011. See *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing).

from June 3, 2009 through September 23, 2010.

When petitioner filed his Rule 61 motion on June 3, 2009, 273 days of AEDPA's limitations period had already expired. The limitations clock started to run again on September 24, 2010, and ran the remaining ninety-two days without interruption until the limitations period expired on December 27, 2010.[4] Although petitioner filed a second Rule 61 motion on January 24, 2011, that motion was filed after the expiration of the limitations period and has no statutory tolling effect. Therefore, the application is time-barred unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 640 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159.

---

[4]The limitations period actually expired on December 25, 2010, a Saturday. Therefore, the limitations period extended through the end of day on Monday, December 27, 2010. *See* Fed. R. Civ. P. 6(a)(1)(C).

Petitioner does not explicitly assert, and the court cannot discern, any reason justifying the application of the equitable tolling doctrine to the circumstances of his case. To the extent petitioner's statement that "an exam would have shown that the alleged victim was never penetrated nor was she sexually active but still a virgin" should be viewed as an attempt to trigger equitable tolling on the basis of actual innocence, it is unavailing. (D.I. 9 at 13) Notably, neither the Supreme Court nor the Third Circuit have determined whether a credible claim of actual innocence can equitably toll AEDPA's limitations period. *See, e.g., Teagle v. Diguglielmo,* 336 F. App'x 209, 212-13 (3d Cir. 2009)(non-precedential); *McKeever v. Warden SCI-Graterford,* 486 F.3d 81, 84 n.5 (3d Cir. 2007). Nevertheless, even if a petitioner's actual innocence could warrant equitable tolling, petitioner would have to demonstrate (a) "new reliable evidence" that was previously unavailable and establishes that it is more likely than not that no reasonable juror would have convicted him, and (b) that he exercised reasonable diligence in bringing his claim. *See Schlup v. Delo,* 513 U.S. 298, 324, 327-28 (1995); *Teagle,* 336 F. App'x. at 212-13; *Reed v. Harlow,* 2011 WL 4914869 at *2 n.2 (3d Cir. Oct. 17, 2011)(non-precedential). In addition to his statement regarding S.D.'s virginity, petitioner has circled a portion of defense counsel's Rule 61 affidavit wherein defense counsel states that he is not convinced that the jury made the correct decision and that he believes the complaining witness will eventually recant her testimony. (D.I. 11) However, neither of these statements constitute new reliable evidence of petitioner's actual innocence. Thus, petitioner's assertion of actual innocence does not provide a basis for equitable tolling.

Finally, to the extent petitioner's untimely filing was the result of a miscalculation

6

regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. See *Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the court will dismiss the application as time-barred.[5]

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus

---

[5] The court's conclusion that the instant application is time-barred obviates the need to discuss the State's alternative reason for denying the application.

7

pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.